**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RED BEND HUNTING AND | : | Case No. 4:16-CV-00864 |
| FISHING CLUB, | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| RANGE RESOURCES– | : | |
| APPALACHIA, LLC, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

December 2, 2016

Before the Court for disposition is Plaintiff Red Bend Hunting and Fishing Club's ("Plaintiff") Motion to Dismiss Defendant's Amended Counterclaim.[1] For the reasons that follow, this Motion to Dismiss will be denied.

## I.   BACKGROUND[2]

This action, brought before the Court by Notice of Removal on May 12,

---

[1] Also pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim (ECF No. 7). Because Defendant filed an Amended Counterclaim in response to this filing, this motion will be denied as moot. See, e.g., Real Estate Riches v. Fentiman, Civil Action No. 1:09-CV-0453, 2009 WL 1885687 at *1 (M.D.Pa. June 30, 2009); McCann v. Washington Cnty., Civil Action No. 1:07-cv-0008, 2007 WL 1830769 at *1 (W.D.Pa. June 22, 2007).

[2] For purposes of this Motion to Dismiss, the allegations presented in Defendant's Counterclaim will be taken as true, and all inferences will be construed in the light most favorable to Defendant.

1

2016, concerns the parties' rights as to the use and maintenance of a frac pond/ impoundment.[3]  Specifically, Plaintiff alleges claims for (1) specific performance, (2) breach of contract, (3) trespass, (4) ejectment, and (5) unjust enrichment concerning Defendant Range Resources – Appalachia, LLC's ("Defendant") alleged failure to comply with the remediation provisions of a now expired easement.[4]  Defendant, in turn, filed an Amended Counterclaim on June 24, 2016 seeking a declaratory judgment that its continued use of the impoundment is authorized by a prior lease executed between the parties.[5]  The Complaint, together with Defendant's Amended Counterclaim, reference the parties' complete contracting relationship.  This factual background therefore details chronologically that entire relationship.

On June 23, 2006,  Plaintiff entered into an Oil and Gas Lease ("2006 Lease") with Great Lakes Energy Partners, LLC (the predecessor of Defendant Range Resources) which granted Defendant the "authority to construct and maintain improvements on the Leased Premises for use in connection with drilling, operating, producing, and removing oil and gas" from the leased premises.[6]  Also

---

[3]  Compl. (ECF No. 1-2).

[4]  See generally id.

[5]  Am. Countercl. (ECF No. 14).

[6]  Id. ¶ 6, at 3.

present in the lease terms was Article 7.3 which governed the compensation and

re-vegetation of all affected areas of the Leased Premises, and Article 19 which

dictated that the Range would have six months following the termination of the

lease in which to restore the property to the same condition as when received.[7]

This Lease has since been extended and remains in full force and effect governing

the Leased Premises.[8]  In accordance with the terms of this Lease, Defendant

constructed an impoundment which continues to be used in connection with wells

previously drilled on the leased premises.[9]

On October 11, 2010,[10] Plaintiff and Defendant entered into a second

agreement known as the Temporary Frac Pond Easement (" 2010 Easement").[11]

This Easement granted Defendant the additional right to use the frac

pond/impoundment to service wells planned on other properties for a term of five

years.[12]  The Easement was in consideration of $60,000.00 and specifically granted

Defendant "ingress and egress rights to the impoundment along with water

---

[7]  "Oil and Gas Lease" (ECF No. 14-1) ¶ 7.3, at 4.

[8]  Id. ¶ 5, at 3.

[9]  Id. ¶ 7, at 3–4.

[10]  Because Defendant's counterclaim contains facts limited to those related to the 2006 Lease, factual allegations concerning the subsequent easement will be taken from Plaintiff's Complaint to the extent admitted within Defendant's Answer.

[11]  Compl. (ECF No. 1-2) ¶ 4, at 7; see also Answer (ECF No. 3) ¶ 4, at 2.

[12]  Am. Countercl. ¶ 8, at 4.

withdrawal privileges from the frac pond for fracing/drilling purposes of local well sites."[13]  The Easement also contained a provision which dictated that Defendant "shall be responsible to reseed and mulch the disturbed area upon complete restoration," and "shall restore the surface of the land that was disturbed as close as reasonably practical, to its original contours and condition" upon expiration of the easement.[14]  Because Defendant no longer planned to use the frac pond/impoundment for wells located on other properties, the easement expired on October 11, 2015 following a single five year term.[15]

The expiration of the 2010 Easement brought about the instant dispute.  At its core, this dispute concerns Defendant's obligation under the 2010 Easement to restore the area currently occupied by the frac pond/impoundment.  Since its expiration, Plaintiff has demanded by letter that Defendant comply with this commitment.[16]  Plaintiff now seeks Court enforcement by way of 1) specific performance, and 2) damages for breach of contract, trespass, ejectment, and unjust enrichment.  Defendant has since answered the Complaint.  Defendant has further alleged a Counterclaim for declaratory judgment that, under the terms of the 2006

---

[13]  Answer ¶ 6, at 3.

[14]  Compl. ¶ 10, at 8; <u>see also</u> Answer ¶ 10, at 4.

[15]  <u>Am. Countercl.</u> ¶ 8, at 4.

[16]  Compl. ¶ 12, at 8; <u>see also</u> Answer ¶ 12, at 5.

Lease, its duty to reseed and remulch has not yet been triggered and it maintains a right to use the impoundment.[17]  Plaintiff has now moved to dismiss this counterclaim by arguing that 1) this Court lacks subject matter jurisdiction over the counterclaim, and, in the alternative, 2) the counterclaim fails to state a claim upon which relief can be granted.[18]  The parties have fully briefed these arguments and Plaintiff's Motion to Dismiss is now ripe for disposition.[19]

## II.    DISCUSSION

Plaintiff seeks the dismissal of Defendant's counterclaim for declaratory judgment based on two alternative provisions of Federal Rule of Civil Procedure 12.  First, Plaintiff argues that this Court lacks jurisdiction over Defendant's counterclaim and thus must dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1).  Second, Plaintiff argues that, in the event that this Court finds that it has jurisdiction over the counterclaim, it should nevertheless dismiss it for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  I find both arguments unpersuasive.  My reasoning in denying Plaintiff's Motion to Dismiss in its entirety is set forth fully in the subsections below.

---

[17]  See generally Am. Countercl. (ECF No. 14).

[18]  ECF No. 16.

[19]  ECF Nos. 17 & 18.

### A. This Court Has Jurisdiction Over Defendant's Compulsory Counterclaim Brought Under Federal Rule of Civil Procedure 13(a)(1)(A).

Because the Court finds that it has subject matter jurisdiction over Defendant's compulsory counterclaim brought under Federal Rule of Civil Procedure 13(a)(1)(A), Plaintiff's Motion to Dismiss is denied to the extent it is premised on a lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction.  A moving party may challenge subject matter jurisdiction by either facially or factually attacking the opposing party's assertion of jurisdiction.[20]  In a facial attack, the moving party challenges whether jurisdiction has been properly pled by the opposing party.[21]  In evaluating the merits of a facial attack, the court is limited to consideration of the allegations within the complaint along with any referenced and attached documents.[22]  These allegations are viewed in the light most favorable to the non-moving party.[23]  A factual attack under Rule 12(b)(1), however, challenges subject

---

[20] See Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).

[21] Id.; Jarman v. Capital Blue Cross, 998 F .Supp.2d 369, 374 (M.D.Pa. 2014) (Conner, C. J.).

[22] Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891).

[23] Id.

matter jurisdiction outside merely allegations within the complaint.[24]   When a
moving party makes a factual attack, the court is "free to weigh the evidence and
satisfy itself as to the existence of its power to hear the case."[25]   Furthermore,
unlike in the case of a facial attack, the court accords the allegations of the
complaint no presumption of truthfulness and can consider "affidavits, documents,
and even limited evidentiary hearings."[26]

Within its Motion to Dismiss, Plaintiff contends that the Court must dismiss
Defendant's declaratory judgment counterclaim for lack of subject matter
jurisdiction because 1) it is not a compulsory counterclaim, and 2) it lacks an
independent basis for jurisdiction as required of a permissive counterclaim.  By
way of pertinent background, counterclaims can be either "compulsory" or
"permissive" under Federal Rule of Civil Procedure 13.  "Compulsory"
counterclaims are defined as those "aris[ing] out of the same transaction or
occurrence that is the subject matter of the opposing party's claim."[27]   If a
counterclaim fails to arise from the same transaction as the opposing party's claim,

---

[24]  <u>Mortensen</u>, 549 F.2d at 891.

[25]  <u>Id.</u>; <u>Jarman</u>, 998 F.Supp.2d at 374.

[26]  <u>Turicentro, S.A. v. American Airlines, Inc.</u>, 303 F.3d 293, 300 n. 4 (3d Cir. 2002).

[27]  Fed.R.Civ.P. 13(a)(1)(A).

it is deemed to be "permissive."[28]  This distinction concerning the nature of counterclaims is determinative of the Court's ability to exercise supplemental jurisdiction.  Compulsory state law counterclaims can be adjudicated in federal court under supplemental jurisdiction,[29] whereas permissive state law counterclaims must be supported by an independent basis for jurisdiction.[30]

Within the United States Court of Appeals for the Third Circuit, a counterclaim is deemed compulsory where it bears a "logical relationship to an opposing party's claim."[31]  Viewed liberally by courts to promote judicial economy, this "logical relationship" test is satisfied where separate trials would "involve a substantial duplication of effort and time by the parties and the courts."[32]  A "substantial duplication of effort" is, in turn, likely to occur when claims involve (1) the same factual issues, (2) the same factual and legal issues, or (3) are offshoots of the same basic controversy between the parties.[33]

---

[28]  Fed.R.Civ.P. 13(b).

[29]  Moore v. New York Cotton Exchange et al., 270 U.S. 593, 610 (1926); Ambromovage v. United Mine Workers of America, 726 F.2d 972, 990 (3d Cir. 1984).

[30]  Kimmel v. Cavalry Portfolio Services, LLC, 747 F.Supp.2d 427, 431 (E.D.Pa. Sept. 29, 2010)(Buckwalter, J.) (citing Aldens Inc. v. Packel, 524 F.2d 38, 52 (3d Cir. 1975)).

[31]  Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389 (3d Cir. 2002) (quoting Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir.1978)).

[32]  Id.

[33]  Transamerica, 292 F.3d at 390 (citing Xerox, 576 F.2d at 1059).

After review of the Defendant's allegations viewed in the light most favorable, I find Defendant's counterclaim to be compulsory and thus availing the Court with supplemental jurisdiction.  I reach this conclusion because Plaintiff's claims and Defendant's counterclaim are "offshoots of the same basic controversy between the parties," and a substantial duplication of effort would result from trying the claims separately.  In its Brief in Opposition in Support of its Motion to Dismiss, Plaintiff argues that, because its Complaint is based upon the terms of the 2010 Easement and Defendant's counterclaim is based on the 2006 Lease, the counterclaim fails to encompass the "same case or controversy" as the Complaint. I believe, however, that this rigid distinction defies the general directive that the logical relationship test should be construed liberally "to avoid a multiplicity of actions."[34]

In the matter at hand, Plaintiff's Complaint seeks specific performance or, in the alternative, damages based largely on Defendant's alleged failure to comply with the remediation provision of the 2010 Easement.  Defendant, in turn, asserts a counterclaim requesting declaratory judgment that the terms of the 2006 Lease govern the continuing use and remediation of the frac pond/impoundment.  In both Plaintiff's Complaint and Defendant's Counterclaim, the Court is asked to address the same overall controversy—each party's rights and obligations regarding the

---

[34] In re Kaiser Grp. Int'l, Inc., 399 F.3d 558, 569 (3d Cir. 2005) (citing In re Price, 42 F.3d 1068, 1073 (7th Cir. 1994)).

frac pond/impoundment on the leased premises.  Because of this common

controversy, separate trials would undoubtedly result in a "substantial duplication

of effort."  Specifically, if Defendant's counterclaim was dismissed and a favorable

result later attained by Plaintiff in this Court, Defendant would be forced to re-

litigate its right to continuing use of the frac pond/impoundment as referenced in

its counterclaim.  I conclude then that a "logical relationship" exists between

Plaintiff's Complaint and Defendant's counterclaim such that this Court can

exercise supplemental jurisdiction over this declaratory judgment counterclaim.

### B. Defendant's Declaratory Judgment Counterclaim Constitutes a Plausible Claim Upon Which Relief Can Be Granted.

Plaintiff also seeks dismissal of Defendant's counterclaim for declaratory

judgment pursuant to Federal Rule of Civil Procedure 12(b)(6), or failure to state a

claim upon which relief can be granted.  Plaintiff specifically argues that dismissal

under this provision is appropriate because (1) the Amended Counterclaim

attempts to obviate the rights and responsibilities under the Easement; (2) the

Lease at issue in the counterclaim is parol evidence and therefore not competent

evidence to alter the unambiguous terms of the Easement; and (3) the Easement

modifies and replaces the terms regarding construction of ancillary structures

under the Lease.  Based on the reasoning as set forth below, I find that these

arguments do not warrant dismissal of Defendant's counterclaim.

i.  <u>Legal Standard</u>[35]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a

motion to dismiss for "failure to state a claim upon which relief can be granted."

Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation

by dispensing with needless discovery and factfinding."[36]  "Rule 12(b)(6)

authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[37]

This is true of any claim, "without regard to whether it is based on an outlandish

legal theory or on a close but ultimately unavailing one."[38]

Beginning in 2007, the Supreme Court of the United States initiated what

some scholars have termed the Roberts Court's "civil procedure revival" by

significantly tightening the standard that district courts must apply to 12(b)(6)

motions.[39]  In two landmark decisions, <u>Bell Atlantic Corporation v. Twombly</u> and

---

[35]  For the purposes of a 12(b)(6) Motion to Dismiss, claims and counterclaims are treated
equivalently and therefore their standards of review are interchangeable. As such, any reference
to claims within this standard of review section is equally applicable to counterclaims. <u>See</u>, <u>e.g.</u>,
<u>Universal Underwriters Co. v. J. Murray Motor Co., Inc.</u>, Civil Action No. 4:11-CV-1851, 2012
WL 12870228, at *1 n. 2 (M.D.Pa. Sept. 12, 2012)(Jones, J.).

[36]  <u>In re Hydrogen Peroxide Litigation</u>, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.)
(quoting <u>Szabo v. Bridgeport Machines, Inc.</u>, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook,
J.)). <u>Neitzke v. Williams</u>, 490 U.S. 319, 326–27 (1989).

[37]  <u>Neitzke</u>, 490 U.S. at 326 (citing <u>Hishon v. King & Spalding</u>, 467 U. S. 69, 73 (1984)).

[38]  <u>Neitzke</u>, 490 U.S. at 327.

[39]  Howard M. Wasserman, <u>The Roberts Court and the Civil Procedure Revival</u>, 31 Rev. Litig.
313 (2012).

Ashcroft v. Iqbal, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[40] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in Conley v. Gibson and replaced it with a more exacting "plausibility" standard.[41]

Accordingly, after Twombly and Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[43] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[44] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of

---

[40] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, supra at 319–20.

[41] Iqbal, 556 U.S. at 670 (citing Conley v. Gibson, 355 U.S. 41 (1957)) ("[a]cknowledging that Twombly retired the Conley no-set-of-facts test").

[42] Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

[43] Iqbal, 556 U.S. at 678.

[44] Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[wrongdoing]."[45]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[46]  No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[47]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[48]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[49]  "After Iqbal, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[50]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[51]

---

[45] Twombly, 550 U.S. at 556.

[46] Iqbal, 556 U.S. at 679.

[47] Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (internal quotations omitted)).

[48] Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[49] Iqbal, 556 U.S. at 678 (internal citations omitted).

[50] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[51] Iqbal, 556 U.S. at 678.

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that:

> Under the pleading regime established by <u>Twombly</u> and <u>Iqbal</u>, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[52]

ii.  <u>Analysis</u>

As explained above, Plaintiff asks this Court to dismiss Defendant's

declaratory judgment counterclaim for failure to state a claim upon which relief

can be granted.  I will deny this request.

The Declaratory Judgment Act[53] provides that federal courts "may declare

the rights and other legal relations of any interested party seeking such declaration"

when presented with a "case of actual controversy."[54]  To qualify as an "actual

---

[52]  <u>Connelly</u>, 809 F.3d at 787 (internal quotations and citations omitted).

[53]  Defendant does not specify in his Amended Counterclaim if he seeks relief under state law or the Federal Declaratory Judgment Act.  However, even in the absence of such specificity, the Erie Doctrine would nevertheless mandate the application of the Federal Declaratory Judgment Act. <u>Lilac Dev. Grp., LLC v. Hess Corp.</u>, Civil Action No. 4:15-CV-7547, 2016 WL 3267325, at *3 (D.N.J. June 7, 2016) (citing <u>Jones v. Sears Roebuck and Co.</u>, 301 F.App'x. 276, 281 n. 12 (4th Cir. 2008); <u>Haagen-Dazs Shoppe Co., Inc. v. Born</u>, 897 F.Supp. 122, 126 (S.D.N.Y. 1995)).

[54]  28 U.S.C. § 2201. <u>See also</u> <u>Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust</u>, 674 F.Supp.2d 562, 565 (D. Del. 2009).

controversy," the controversy presented must be "definite and concrete, touching the legal relations of parties having adverse legal interests."[55]  Furthermore, to be ripe for judicial intervention, the controversy must not be "nebulous or contingent," but rather have taken on a "fixed and final shape" such that the court can "see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."[56]

Having reviewed the arguments made by Plaintiff, this Court finds that Defendant has stated a plausible claim in accord with the above requirements of the Declaratory Judgment Act.  First, I find that Defendant's counterclaim for declaratory judgment is based on an actual controversy which is definite, concrete, and has taken on a "fixed and final shape" ripe for judicial intervention.  Specifically, Defendant seeks declaratory judgment that the use of the frac pond/impoundment on the leased premises is, following the expiration of the 2010 Easement, now governed by the terms of a 2006 lease.  The request concerning Defendant's continuing rights as to the frac pond/impoundment is in response to Plaintiff's Complaint, which put Defendant's rights to continuing use at issue.  Defendant's declaratory judgment therefore concerns an actual controversy—not

---

[55]  Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004).

[56]  Team Angry Filmworks, Inc. v. Geer, 171 F.Supp.3d 437, 447 (W.D.Pa. 2016) (citing Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244 (1952)).

merely a hypothetical or abstract exercise—whose adjudication would alter the

legal relationship between the parties.

Furthermore, unlike many counterclaims,[57] Defendant's declaratory

judgment counterclaim is not redundant of Plaintiff's original complaint.

Declaratory judgment counterclaims are considered redundant when there is "a

complete identity of factual and legal issues between the complaint and the

counterclaim"[58] such that dismissal of the underlying complaint will moot the

declaratory judgment counterclaim.[59]  When specifically presented with a

declaratory judgment counterclaim based on contract interpretation, however,

courts are reluctant to dismiss such counterclaims as redundant even when such

counterclaims are a "mirror image" of the complaint.[60]  This reluctance is based on

the logical conclusion that

> A ruling adverse to the plaintiff on plaintiff's claim would merely result in a
> judgment that plaintiff was not entitled to the relief requested; although it
> might logically follow from that judgment that defendants' interpretation of

---

[57] See, e.g., Lilac Dev. Grp., LLC, 2016 WL 3267325 at *3 (citing ProCentury Ins. Co. v.
Harbor House Club Condo. Ass'n, Inc., 652 F.Supp. 2d 552, 556 (D.N.J. 2009)); University
Patents, Inc. v. Kligman, Civil Action Nos. 89-CV-3525, 90-0422, 1991 WL 165071 at *1
(E.D.Pa. Aug. 23, 1991)).

[58] University Patents, Inc., 1991 WL 165071 at *1 (quoting Aldens, Inc., 524 F.2d at 51–52).

[59] Principal Life Ins. Co., 674 F.Supp.2d at 566 (citing Aldens, Inc., 524 F.2d at 51–52).

[60] ProCentury Ins. Co., 652 F.Supp.2d at 556 (citing University Patents, Inc., 1991 WL 165071
at *1).

the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one.[61]

Based on the reluctance to dismiss declaratory judgment counterclaims, I am compelled to find that Defendant's counterclaim is not redundant when viewed in light of Plaintiff's Complaint.  As explained above, resolution of Plaintiff's Complaint would not necessarily fully resolve Defendant's interests as presented in his declaratory judgment counterclaim.  Specifically, because Defendant argues that the overall adjudication of rights concerning the frac pond/impoundment necessarily involves consideration of both the 2006 Lease and 2010 Easement, a legal finding limited to the Complaint would necessarily omit a complete determination concerning Defendant's continuing right of use.  Taken as a whole, this reasoning compels me to conclude that Defendant's declaratory judgment counterclaim is both based on an actual controversy and non-redundant.

Plaintiff's well-stated arguments in favor of dismissal fail to alter this conclusion.[62]  Plaintiff's first argument attempts to convince the Court that Defendant's counterclaim should be dismissed because its allegation attempts to render the 2010 Easement a complete nullity.[63]  In Defendant's counterclaim, it

---

[61] Id.

[62] Pl.'s Br. in Supp. of Mot. to Dismiss Def.'s Am. Countercl. ("Pl.'s Br.") (ECF No. 17), at 12–19.

[63] Id. at 12–15.

avers that the 2010 Easement granted Range the "additional right to use the

impoundment to service wells planned on other properties" and that, following the

expiration of this Easement, use of the frac pond/impoundment is now governed by

the 2006 Lease.[64]  Plaintiff, in turn, disputes these allegations, arguing that (1) the

Easement does not incorporate the terms of the Lease, and (2) the Easement was

not entered into for purposes of expanded use.[65]  While potentially correct, the

ultimate issue of what controls the continued use and restoration of the frac

pond/impoundment is beyond the scope of Court's instant inquiry.  To survive a

motion to dismiss, Defendant need only allege sufficient factual content which,

taken as true, make plausible its entitlement to relief.  As previously explained,

Defendant has met that initial burden; the ultimate success of that claim is reserved

for another day.

Plaintiff's second argument that the parol evidence rule bars consideration of

the 2006 Lease similarly fails to merit dismissal of the counterclaim.  Under

Pennsylvania law, the parol evidence rule stipulates as follows:

> Where the alleged prior or contemporaneous oral representations or
> agreements concern a subject which is specifically dealt with in the written
> contract, and the written contract covers or purports to cover the entire
> agreement of the parties, the law is now clearly and well settled that in the
> absence of fraud, accident or mistake the alleged oral representations or

---

[64] Am Countercl. ¶ 8, at 4.

[65] Pl.'s Br. at 14.

agreements are merged in or superseded by the subsequent written contract.[66]

This rule, however, is applicable only where a written agreement represents the "entire contract between the parties."[67]  When determining whether a contract is the parties' entire agreement, courts consider both the presence of an integration clause, and the length and detail of the contract.[68]

In the matter at hand, the parol evidence rule does not compel the dismissal of Defendant's declaratory judgment counterclaim.  The 2010 Easement does not contain an integration clause, nor do the factual averments or length suggest that it was to represent an entire contract between the parties.  Instead, the factual averments of Defendant's counterclaim—which the Court is compelled to accept as true for purposes of deciding the instant motion—portray the 2010 Easement as an expansion of rights established by the 2006 Lease.[69]  As such, the parol evidence rule does bar defendant's counterclaim at this stage of litigation.

---

[66] Quorum Health Res., Inc. v. Carbon-Schuylkill Cmty. Hosp., Inc., 49 F.Supp.2d 430, 432–33 (E.D.Pa. 1999) (citing Bardwell v. Willis Co., 100 A.2d 102, 104 (1953)).

[67] Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436 (Pa. 2004).

[68] Deutsch v. Wells Fargo Bank, N.A., Civil Action No. 13-CV-3914, 2015 WL 3833226 at *4 (E.D.Pa. June 22, 2015)(citing In Re Green Goblin, Inc., 470 B.R. 739, 751 (Bankr.E.D.Pa. 2012)).

[69] Am. Countercl. ¶ 8, at 4.

Finally, Plaintiff argues that, at a minimum, the 2010 Easement modifies the terms of the 2006 Lease by allowing for the construction of a more specific structure—a frac pond/impoundment—and thus the additional rights of the Easement are binding.[70]  This argument likewise does not justify dismissal of Defendant's counterclaim.  As previously noted, Defendant alleges within its counterclaim that the 2010 Easement granted Range the "additional right to use the impoundment to service wells planned on other properties" and that, following the expiration of this Easement, use of the frac pond/impoundment is now governed by the 2006 Lease.  Accepted as true, this allegation directly contradicts this modification argument.  Furthermore, to the extent Plaintiff argues that the 2010 Easement permitted the construction of the frac pond/impoundment not previously allowed, the Court notes that, under Pennsylvania law, the owner of a subsurface estate has a right to both access and use the surface in order to access what they own below ground.[71]  Therefore, Defendant as the grantee of a valid Oil and Gas Lease, already had a legal right to create a frac pond/impoundment as necessary to recover natural gas from below the surface.

---

[70]  Pl.'s Br. at 17.

[71]  McWreath v. Range Resources-Appalachia, LLC, 645 F.App'x. 190, 194 (3d Cir. 2016)(citing Humberston v. Chevron U.S.A., Inc., 75 A.3d 504, 511 (Pa. Super. Ct. 2013)("[T]he law of this Commonwealth is that one who has the right to remove subsurface minerals, also has the right to enter onto the surface and to make reasonable use of a portion of the surface to retrieve his property.")).

In sum, I find that Defendant's counterclaim for declaratory judgment is both compulsory and plausible, as required to withstand Plaintiff's motion to dismiss.  In so finding, I do not declare as controlling either agreement.  My inquiry is instead limited to the plausibility of Defendant's counterclaim.  Parties are therefore free during the course of discovery to develop many of the presented arguments and renew them at the summary judgment stage of litigation.

## III.   CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim (ECF No. 16) is denied.

An appropriate Order follows.

BY THE COURT:


   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge